## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYSON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RICHARDSON INDEPENDENT | § | CIVIL ACTION NO. 3:18-CV-00212 |
| SCHOOL DISTRICT, and JEAN BONO, | § | |
| KIM CASTON, KAREN CLARDY, | § | |
| KATIE PATTERSON, ERON LINN, | § | |
| JUSTIN BONO, and KRISTIN KUHNE, | § | |
| in their official capacities, | § | |
| | § | |
| Defendants. | § | |

### ORIGINAL ANSWER FOR DEFENDANTS, RICHARDSON INDEPENDENT SCHOOL DISTRICT, JEAN BONO, KIM CASTON, KAREN CLARDY, KATIE PATTERSON, ERON LINN, JUSTIN BONO, AND KRISTIN KUHNE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, the Richardson Independent School District ("Richardson ISD" or "District"), Jean Bono, Kim Caston, Karen Clardy, Katie Patterson, Eron Linn, Justin Bono, and Kristin Kuhne, in their official capacities (hereafter, "Defendants") through the undersigned counsel and file their Original Answer and in support thereof respectfully show the Court the following:

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation in Plaintiff's Complaint except those allegations specifically admitted below.

# I.

## RESPONSE TO "PRELIMINARY STATEMENT"

1.      Defendants admit that the Richardson ISD Board of Trustees consists of seven members, who as a body a corporate are responsible for discharging the duties outlined in Sections 11.151 and 11.1511 of the Texas Education Code.  Defendants admit the District has 54 campuses, an annual budget exceeding $300 million, and more than 39,000 students. Defendants admit that the District's current trustees reside in neighborhoods zoned to each of the District's four comprehensive high schools.  Defendants deny the remaining allegations contained in paragraph 1.

2.      Defendants admit Richardson ISD is diverse.  Defendants admit that the 2016-2017 Texas Academic Performance Report issued by the Texas Education Agency for Richardson ISD identifies the District's student population as 29.7% white.  Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph concerning Mr. Tyson's motivations for bringing this lawsuit. Defendants deny that the District's Board of Trustees consistently prioritizes some schools at the expense of other schools.  Defendants deny that the District's current, at-large electoral system denies equal voting opportunity to most of the parents of the children enrolled in District schools.  Defendants deny the remaining allegations contained in paragraph 2.

3.      Defendants admit that Richardson ISD has experienced student demographic changes in recent decades.  Defendants admit the factual allegations contained in the second sentence of paragraph 3.  Defendants also admit that the 2016-2017 Texas Academic Performance Report issued by the Texas Education Agency for Richardson ISD identifies the District's student population as 29.7% white, 21.1% African American, 38.8% Hispanic, 7.1%

Asian, 3.3% other, and 54.2% economically disadvantaged.  Defendants deny the remaining allegations contained in paragraph 3.

4.      Defendants deny the allegations contained in the first sentence of paragraph 4. Defendants deny any allegations which attempt to characterize the powers and duties of the District's Board of Trustees.  The powers and duties of the Board are prescribed by state law. Defendants deny any assertions or suggestions that the District's Board of Trustees do not make decisions concerning the allocation of the District's resources in a manner that benefits all students equally.  Defendants deny any assertion or suggestion contained in this paragraph that the Board favors schools within Richardson ISD on the basis of race.  Defendants do not have sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations concerning what Mr. Tyson "understands".   Defendants deny the remaining allegations contained in paragraph 4.

5.      Defendants admit that in 2017, all Richardson ISD schools met standards on all 4 of the indexes measured by the State, with the exception of two campuses.  With respect to Index 4, which measures the percent of students meeting grade level in two or more subjects, Defendants admit that the students at Carolyn Bukhair Elementary School exceeded the State's standard in 2017.  Defendants deny the remaining allegations in contained in paragraph 5.

6.      Defendants deny the allegations contained in the first sentence of paragraph 6. Defendants admit that the District's trustees serve three-year terms in positions that are referred to as "places."   Defendants also admit that the District's trustees are elected at-large. Defendants deny that there is anything "ironic" about the District's electoral system as state law provides that trustees be elected by numbered position.  Defendants admit that the District's trustees run for specific places/positions, and that the trustees represent the entire school district

and not any specific sub-district within Richardson ISD.  Defendants deny that the District's voting system is discriminatory.  Defendants deny the remaining allegations contained in paragraph 6.

7.      Defendants deny the allegations contained in the first sentence of paragraph 7. Defendants do not have sufficient knowledge or information to form a belief concerning the accuracy of the allegations contained in the second sentence of paragraph 7 concerning the District's citizen voting age population.  Defendants admit that the 2016-2017 Texas Academic Performance Report issued by the Texas Education Agency for Richardson ISD identifies the District's student population as 29.7% white.   Defendants deny the remaining allegations contained in paragraph 7.

8.      Defendants admit the allegations contained in the first sentence of paragraph 8. Defendants do not have sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations concerning Mr. Tyson's passions, concerns or experiences, or to form a belief about the truth of Plaintiff's allegations concerning any activities for which Mr. Tyson might be "well-suited."  Defendants deny the remaining allegations contained in paragraph 8.

9.      Defendants admit that Plaintiff seeks judicial relief for alleged violations of the Voting Rights Act, but deny that Defendants have violated the Voting Rights Act, and also deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations contained in paragraph 9.

## II.

## RESPONSE TO "JURISDICTION AND VENUE"

10.      Defendants are not required to admit or deny the assertions contained in paragraph 10 to the extent the assertions are propositions of law rather than factual averments.

Defendants admit that the Court has subject matter jurisdiction over Plaintiff's claims against the District.

11.     Defendants admit that the Court has personal jurisdiction over Richardson ISD because the District is located within Dallas County, Texas.   As to the District's individual trustees, Defendants state that Plaintiff has sued them in their official capacities, which is legally the same as suing the District.   Defendants deny the remaining allegations contained in paragraph 11.

12.     Defendants admit that venue is proper in the Northern District of Texas, Dallas Division, because Richardson ISD is located within Dallas County.

### III.

### <u>RESPONSE TO "PARTIES"</u>

13.     Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 13.

14.     Defendants admit the allegations contained in the second sentence of paragraph 14.  Defendants admit that Mr. Tyson, whose race Defendants believe to be African American, was elected to the District's Board of Trustees in 2004, and again in 2007, and that he retired in 2010.  Defendants do not have sufficient knowledge or information to form a belief about the truth of allegations contained in paragraph 14 concerning Mr. Tyson's interests, the quality of Mr. Tyson's interests, or Mr. Tyson's decision-making process.  Defendants deny the remaining allegations contained in paragraph 14.

15.     Defendants admit that while on the Board, Mr. Tyson advocated for the interests of all students in Richardson ISD, as did his fellow trustees.  Defendants admit that the Board hired a search firm capable of vetting qualified candidates for the superintendent opening in

2010.  Defendants admit that in 2010, during Mr. Tyson's term, the Board voted unanimously to hire Kay Waggoner, who is white, as superintendent.  Defendants admit that following Kay Waggoner, the Board hired Jeannie Stone.  Defendants state that the Richardson ISD Board meeting minutes, which are publically available, speak for themselves.  Defendants deny the remaining allegations, assertions, opinions and speculations contained in paragraph 15.

16.     Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph concerning what is or is not important to Mr. Tyson.  Defendants deny any assertion or suggestion that the District does not take into consideration the needs and concerns of minority students and parents.  Defendants admit that Mr. Tyson address is within the Audelia Creek Elementary School attendance zone, but deny the allegations contained in paragraph 16 concerning the demographics of the student enrollment at Audelia Creek, because student enrollment is a dynamic number that changes from time to time, which makes it difficult, if not impossible, to confirm the accuracy of the numbers set out in this paragraph as they are not tied to a specific date..  With respect to Index 4 on the State's academic accountability system, which measures the percent of students meeting grade level in two or more subjects, Defendants admit that the students at Audelia Creek Elementary School exceeded the State's standard in 2017.  Defendants do not have sufficient knowledge or information to form a belief about the truth of allegations contained in this paragraph concerning what Mr. Tyson knows or does not know, but deny any assertion or suggestion that the District's current at-large electoral system leaves the needs and concerns of the vast majority of the children of the District unaddressed.  The District denies the remaining allegations, assertions, opinions, and speculations contained in paragraph 16.

17.     Defendants admit the allegations contained in this paragraph.

18.     Defendants admit that Jean Krone Bono is a Trustee elected to Place 1 of the Board, resides within Richardson ISD, and has been served with process in this lawsuit.

19.     Defendants admit that Kim Caston is a Trustee elected to Place 2 of the Board, resides within Richardson ISD, and has been served with process in this lawsuit.

20.     Defendants admit that Karen Clardy is a Trustee elected to Place 3 of the Board, resides within Richardson ISD, and has been served with process in this lawsuit.

21.     Defendants admit that Katie Patterson is a Trustee elected to Place 4 of the Board, resides within Richardson ISD, and has been served with process in this lawsuit.

22.     Defendants admit that Eron Linn is a Trustee elected to Place 5 of the Board, resides within Richardson ISD, and has been served with process in this lawsuit.

23.     Defendants admit that Justin Bono is a Trustee elected to Place 6 of the Board, resides within Richardson ISD, and has been served with process in this lawsuit.

24.     Defendants admit that Kristin Kuhne is a Trustee elected to Place 7 of the Board, resides within Richardson ISD, and has been served with process in this lawsuit.

25.     As to the first three sentences contained in paragraph 25, Defendants admit that all of the District's trustees reside within Richardson ISD, as required by law.   Defendants further admit that the District's trustees live in residences similar in value to the Plaintiff's residence and that some trustees live in proximity to other trustees.   Defendants deny the remaining allegations and speculations contained in paragraph 25.

## IV.

### RESPONSE TO "FACTS"

26.     Defendants admit the allegations contained in this paragraph.

27.     Defendants admit the allegations contained in this paragraph.

28.     Defendants admit that Richardson ISD operated under a desegregation order from approximately 1970 until 2011.  Defendants further admit that in 2011, based on a motion jointly filed by the United Stated Department of Justice and the District, a federal court determined that the District's extended period of good-faith compliance had resulted in the District's achieving unitary status as to transportation, student activities, facilities, and special education; and the same court made the same finding as to the District's student assignment and faculty and staff hiring and recruiting in 2012 and 2013.  Defendants deny the remaining allegations contained in paragraph 28.

29.     Defendants admit that Richardson ISD has a diverse student body, but denies that there is anything "superficial" about the District's diversity.  Defendants deny the remaining conclusory allegations contained in paragraph 29.

30.     Defendants admit that in 2017, all Richardson ISD schools met the State's standards on all 4 of the indexes measured by State, with the exception of two campuses.  With respect to Index 4, which measures the percent of students meeting grade level in two or more subjects, Defendants admit that that all of the District's campuses met the State's standard in 2017.  Defendants deny the remaining allegations contained in paragraph 30.

31.     Defendants deny that the District's current electoral system is broken or discriminatory.  Defendants deny any assertion or suggestion contained in this paragraph that the District's schools are not integrated.  Defendants admit that the District's Trustees reside in areas that serve all four of the District's high school feeder patterns, including Berkner High School - the high school feeder pattern to which the Plaintiff's residence address belongs.  Defendants deny the remaining allegations contained in paragraph 31.

32.     Defendants deny that the District does not devote adequate resources to assist its students achieve academic success.  Defendants admits that the data outlined in sentence 3 of paragraph 32 is but a small part of the data reported in the Texas Academic Performance Report for Richardson ISD, and does not paint the full picture of the academic achievement of its students.  Defendants deny the conclusions drawn by Plaintiff from the limited data highlighted by Plaintiff in paragraph 32.  Defendants deny the remaining allegations contained in paragraph 32.

33.     Defendants admit that the District's ELL students graduate at rates above the State in the applicable accountability measure that identifies the rate at which any student who ever was identified ELL graduated, as well as in the number of students who exited the ELL program before graduation.  Defendants deny that the conclusions drawn by Plaintiff from the limited data Plaintiff attempts to analyze in paragraph 33, paint a complete or accurate picture of the academic achievement of the Districts ELL students.

34.     Defendants deny that the District has a "disparate structure."  Defendants also deny any assertion or insinuation contained in paragraph 34 that the District and its leaders have no interest in equity.  Defendants admit that 81% of the District's white students met grade level in two or more subjects in 2017.  Defendants deny that Plaintiff has accurately or completely quoted the District's "2017-2018 Equity Plan," which concludes that "the district has less than 1% of teachers teaching out-of-field and there is no real gap between schools with high concentrations of students living in poverty and minority students and schools with low concentrations of those students."  Defendants do not have sufficient information or knowledge to form a belief about the truth of the assertions contained in this paragraph concerning what educators allegedly know or do not know.

35.     Defendants admit that the District's Trustees regularly seek input from the public on matters coming before the Board.  Defendants deny that there are any lingering patterns of segregation at Richardson ISD.   Defendants deny the remaining allegations contained in paragraph 35.

36.     Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations contained in the first sentence of paragraph 36.  Defendants deny the remaining allegations contained in paragraph 36.

37.     Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

38.     Defendants deny that African Americans within the District share similar socioeconomic characteristics.  Defendants deny that the District, or its Board of Trustees, has discriminated against African Americans on the basis of race and/or ethnicity in employment, education, health services, housing or in any other manner.  Defendants deny that any acts taken by the District or the Board have resulted in vote dilution or have exacerbated any alleged vote dilution.  Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph concerning Hamilton Park.  Defendants deny the remaining allegations contained in paragraph 38.

39.     Defendants deny that the District, or its Board of Trustees, has discriminated against Latinos on the basis of race and/or ethnicity in employment, education, health services, housing or in any other manner.  Defendants deny that any acts taken by the District or the Board have prevented Latinos from political participation on an equal footing with white residents of Richardson ISD; resulted in any alleged vote dilution; or exacerbated any alleged vote dilution. Defendants deny the remaining allegations contained in paragraph 39.

40. Defendants deny any allegation or insinuation contained in paragraph 40 that the District's governing body does not represent the interests of the District's Latino community. Defendants also deny any allegation or insinuation contained in paragraph 40 that the District's leadership is not motivated to recruit and retain teachers from diverse backgrounds. Defendants do not have sufficient knowledge or information to form a belief concerning the truth of the allegations contained in the second, third, and fifth sentences of paragraph 40. Defendants deny the remaining allegations contained in paragraph 40.

41. Defendants deny that the District, or its Board of Trustees, has discriminated against Asians on the basis of race and/or ethnicity in employment, education, health services, housing or in any other manner. Defendants deny that any acts taken by the District or the Board have resulted in any alleged vote dilution or have exacerbated any alleged vote dilution. Defendants deny the remaining allegations contained in paragraph 41.

42. Defendants deny the allegations contained in the first sentence of paragraph 42. Defendants deny that the allegations contained in this paragraph concerning the Dallas Morning News completely or accurately describe the facts of the underlying incident referred to in paragraph 42. Defendants admit that the 2016-2017 Texas Academic Performance Report issued by the Texas Education Agency for Richardson ISD identifies the student population of Richardson High School as 17.9% African American, 26.1% white, and 43.9% Hispanic; and the student population of Pearce High School as 6.8% African American, 43.7% white, and 43.8% Hispanic. Defendants deny the remaining allegations contained in paragraph 42.

43. Defendants admit that the District's elections are at-large, that the District's trustees serve staggered terms, and that the District has a majority vote requirement. Defendants deny that any of these components of the District's electoral system denies the African

American, Latino, or Asian communities a meaningful opportunity for full and fair participation in the election process, inhibits political participation by those communities, or impairs the success of African American, Latino or Asian students.   Defendants deny the remaining allegations contained in paragraph 43.

44.     Defendants are not required to admit or deny the allegations contained in this paragraph to the extent statements are propositions of law rather than factual averments.

45.     Defendants deny that the District's electoral system violates Section 2 of the Voting Rights Act.   Defendants admit that Mr. Tyson, whose race Defendants believe to be African American, was twice elected to the District's Board of Trustees.   Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph concerning Mr. Tyson's alleged public and private encouragement of minority candidates to seek a Board seat.   Defendants do not have sufficient information to admit or deny Plaintiff's opinions concerning what may or may not "dispirit" a candidate from seeking a Board seat.   Defendants deny that the District's electoral system is archaic and unconstitutional. Defendants also deny Plaintiff's assertion that the District's electoral system ensures the minority candidates cannot succeed.   Defendants deny the remaining allegations contained in paragraph 45.

## V.

## RESPONSE TO "CLAIMS"

46.     Defendants incorporate their Responses to Plaintiff's allegations set forth above in paragraphs 1 – 45 as if the responses were fully set forth herein.

47.     Defendants are not required to admit or deny the assertions contained in this paragraph to the extent assertions are propositions of law rather than factual averments.

48.    Defendants deny the allegations contained in paragraph 48.

49.    Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 49.

50.    Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph regarding whether the African American, Latino or Asian communities have elected candidates of their choice to the Richardson ISD Board of Trustees.   Defendants deny that the District's electoral system impermissibly dilutes the minority vote and stymies that community's ability to participate fully in the election process.  Defendants deny the remaining allegations contained in paragraph 50.

51.    Defendants admit that Plaintiff has requested a declaratory judgment, but deny that Plaintiff is entitled to this relief.

52.    Defendants incorporate their Responses to Plaintiff's allegations set forth above in paragraphs 1 – 41 as if the responses were fully set forth herein.

53.    Defendants deny the allegations contained in this paragraph.

54.    Defendants deny the allegations contained in this paragraph.

55.    Defendants admit that Plaintiff has requested a permanent injunction, but deny that Plaintiff is entitled to this relief.

56.    Defendants incorporate their Responses to Plaintiff's allegations set forth above in paragraphs 1 – 55 as if the responses were fully set forth herein.

57.    Defendants deny the allegations contained in this paragraph.

58.    Defendants deny that Plaintiff is entitled to recover attorney's fees, expert fees, or other litigation expenses.

## VI.

## <u>RESPONSE TO "REQUEST FOR RELIEF"</u>

Defendants deny that Plaintiff is entitled to any of the relief requested in the "Request for Relief" Section of his Complaint.

## <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny Plaintiff any and all relief requested in his Complaint and order that Plaintiff take nothing. Defendants additionally request any and all relief to which they may be justly entitled, at law or in equity, including their attorney's fees, costs, and expenses.

Respectfully submitted,

*/s/ Lisa R. McBride*

CARLOS G. LOPEZ
clopez@thompsonhorton.com
State Bar No. 12562953

LISA R. MCBRIDE
lmcbride@thompsonhorton.com
State Bar No. 24026829

WILLIAM B. MCELHINEY, III
wmcelhiney@thompsonhorton.com
State Bar No. 24092801

THOMPSON & HORTON LLP
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6747 (Telephone)
(713) 583-8371 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2018, a true and correct copy of the foregoing document was forwarded to Plaintiff by certified mail, return receipt requested at the following address:

William A. Brewer III
Brewer Storefront, PLLC
1717 Main Street, Suite 5900
Dallas, Texas 75201
214/653-1015 (fax)

/s/ *Lisa R. McBride*
Lisa R. McBride