**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID TYSON, JR.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **RICHARDSON INDEPENDENT** § | **CIVIL ACTION NO. 3:18-CV-00212-K** | |
| **SCHOOL DISTRICT, and JEAN BONO,** § | | |
| **KIM CASTON, KAREN CLARDY,** § | | |
| **KATIE PATTERSON, ERON LINN,** § | | |
| **JUSTIN BONO, and KRISTIN KUHNE,** § | | |
| in their official capacities, § | | |
| § | | |
| Defendants. § | | |

**DEFENDANTS' MEDIATION REPORT AND REQUEST TO IMPLEMENT RECOMMENDATIONS OF THE MEDIATOR[1]**

TO THE HONORABLE JUDGE OF THE COURT:

Pursuant to the scheduling order entered on May 23, 2018, Defendants Richardson Independent School District, et al. ("Defendants"), submit the following Mediation Report:

The Parties met for mediation on October 26, 2018. The mediation was conducted by United States District Judge W. Royal Furgeson (Ret.). Present for the Defendants were Richardson ISD Board President Justin Bono, Richardson ISD Superintendent Dr. Jeannie Stone, Richardson ISD General Counsel Mia Martin, and their external attorneys Carlos G. Lopez, Lisa R. McBride, and William B. McElhiney, III. Present for the Plaintiff were Plaintiff David Tyson, Jr., and two attorneys with whom counsel for the Defendants had never previously interacted on this matter, Robert Millimet and Erik Jacobson, as well as two "Public Affairs" employees from the Brewer law firm, Travis Carter and Katherine Leal Unmuth. Neither William Brewer nor

---

[1] Plaintiff and Defendants were not able to agree on several aspects of mediation and therefore Defendants have filed a separate mediation report.

Michael Collins (the two attorneys with whom counsel for Defendants have conferred and negotiated on matters involving this case since it was filed) attended meditation.[2]  The mediation was held at the Dallas office of Thompson & Knight LLP.

At issue was the Voting Rights Act lawsuit currently pending in this Court, as well as a Texas Open Meetings Act lawsuit currently pending in state court involving the same parties. After a long day of mediation, the Parties did not reach an agreement to settle the two lawsuits, but did make progress on several key principles.  The parties did not agree on the date by which an agreement could be implemented—in time to affect the District's May 2019 election or its May 2020 election—the latter (May 2020) being the first election any trial on the merits in this matter could impact given the current June 2019 trial setting.  Defendants offered options they believed the District could implement in sufficient time for its May 2019 election and those they believed would require implementation at the District's May 2020 election because of the additional requirements imposed by state law.[3]  Although the day ran out before agreement was reached during mediation, Judge Furgeson recommended that settlement negotiations continue and specifically relayed to the RISD group that counsel for the Plaintiff wanted to further discuss certain issues, but were not prepared to do so that day.

Defendants have reviewed the mediation report emailed by Judge Furgeson to the Court on November 2, 2018, and are in agreement with the chronology and recommendations provided therein.  Specifically, Defendants believe that this case may yet be resolved through mediation, and agree to convene for a second day of mediation with Judge Furgeson, or as directed by the

---

[2] It is counsel for the Defendants' understanding that Mr. Collins was unable to attend the mediation session because of a medical emergency.

[3] Under state law, any order to move to a single member district system must be adopted by the District's Board of Trustees 120 days prior to the first election at which it is to take effect (TEX. EDUC. CODE § 11.052(d)) and the single-member districts themselves must be drawn 90 days before that election (TEX. EDUC. CODE § 11.052(f)). The first of these two requirements (adoption of an order to move to single-member districts) also requires at least one prior public hearing on the proposed single member districts advertised in the newspaper for at least 7 days prior to the hearing (TEX. EDUC. CODE § 11.052(c)).

Court.  Specific dates of availability for the Defendants include:  November 27, 28 and 29; and December 4, 5, 6, and 7.[4]  Counsel for the Defendants already have communicated these dates to counsel for the Plaintiff.

Judge Furgeson also recommended a stay of discovery should a second day of mediation be scheduled.  Defendants agree.  Discovery currently is set to close on December 11, 2018, under the Court's Scheduling Order.  Although both Parties have propounded written discovery, neither has conducted depositions.[5]  It is Defendants' position that continuing to conduct discovery in the compressed time currently remaining in the discovery period, while also attempting to resolve the outstanding issues between the Parties, only serves to increase attorneys' fees, an area of current disagreement for the Parties. Additionally, Defendants contend further discovery is not needed on any of the remaining issues preventing resolution of this case.  Taking the depositions of the District's seven trustees or the deposition of the Plaintiff would only serve to embroil the very individuals needed for settlement negotiations in a lengthy deposition process precisely when the Parties need those individuals to be focused on potential compromise options.

For these reasons, Defendants request that the Court adopt Judge Furgeson's mediation recommendations, including a short stay of discovery, which Defendants recommend continue through the end of January 2019.  Defendants believe that a stay of discovery will (1) assist the Parties in minimizing attorneys' fees (a remaining issue between the Parties) while settlement discussions continue and (2) allow the Parties to devote their complete attention to the development and execution of compromise options.

---

[4] The District will be closed for operation November 19-23, 2018 (Thanksgiving) and December 24, 2018-January 4, 2019 (winter recess).

[5] Plaintiff's counsel has requested dates for depositions for all seven individual defendants. Defendants have urged Plaintiff to temporarily limit expenditure of the time and public resources required for these depositions to allow the Parties to continue to explore settlement through mediation.

DATED:   November 14, 2018

                Respectfully submitted,

                */s/* Lisa R. McBride
                CARLOS G. LOPEZ
                clopez@thompsonhorton.com
                State Bar No. 12562953

                **THOMPSON & HORTON LLP**
                500 North Akard Street, Suite 3150
                Dallas, Texas 75201
                972-734-5490 (Telephone)
                (972) 534-1495 (Facsimile)

                and

                LISA R. MCBRIDE
                lmcbride@thompsonhorton.com
                State Bar No. 24026829

                WILLIAM B. MCELHINEY, III
                wmcelhiney@thompsonhorton.com
                State Bar No. 24092801

                **THOMPSON & HORTON LLP**
                Phoenix Tower, Suite 2000
                3200 Southwest Freeway
                Houston, Texas 77027
                (713) 554-6747 (Telephone)
                (713) 583-8371 (Facsimile)

                **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF CONFERENCE**

This is to certify that between November 2, 2018 and November 14, 2018, I conferred via telephone and electronic mail with counsel for Plaintiff. Counsel for Plaintiff is opposed to a stay of discovery in this matter.

/s/ Lisa R. McBride
Lisa R. McBride

## **CERTIFICATE OF SERVICE**

On November 14, 2018, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that on the same date, a true and correct copy of the foregoing document was forwarded to counsel for the Plaintiff by electronic mail at the following address:

William A. Brewer III
Brewer Storefront, PLLC
1717 Main Street, Suite 5900
Dallas, Texas 75201
Tel: 214-653-4810
Fax: 214-653-1015
wab@brewerattorneys.com

/s/ Lisa R. McBride
Lisa R. McBride

4820-9518-0922